lmv

*102*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 0 9 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| PAUL M. DUTHU, ET AL | * |
| VS | * C.A. NO. B96 191 |
| RUBEN PENA, ET AL | * |

### MEMORANDUM OPINION AND ORDER

Defendant HARLINGEN NATIONAL BANK, hereafter "Bank", has filed a Motion for Summary Judgment based on the expiration of both the 2-year and 4-year limitations period of §§ 16.003 and 16.004 of the Tex.Civ.Pract. & Proc. Code on the basis that all of the operative events occurred more than 4 years before the filing of the Plaintiffs' action in 1996 and there has been no tolling of the statutes by any of the legally recognized methods of tolling; (1) acts of fraud or fraudulent concealment by the Defendants which delayed discovery of the legal injury; (2) torts committed by the fiduciaries; and (3) the discovery rule.

Assessing the undisputed facts presented in this Motion establishes that the Movant is correct and the limitation periods expired long before this action was commenced.

The BANK has urged an additional basis for dismissal, the so-called "D'Oench, Duhme Doctrine" based on <u>D'Oench Duhme & Company v. FDIC</u>, 312 U.S. 447 (1942), and on 12 U.S.C. § 1823(e). The basis is that the BANK is a holder-in-due course of the promissory notes and the mortgage instrument under its assignment from the FDIC as receiver of the Town and Country National Bank, the original mortgagee. There is no factual dispute that the records of the original bank would reveal nothing about the Plaintiffs' claims in this lawsuit thus confirming the BANK's status as a holder in due course.

The positions of the Plaintiffs in opposition to the "D'Oench Duhme" doctrine's application here is unpersuasive. (1) There is no documentation in the records of either bank which would have put the BANK on notice that the notes were void, invalid or illegal. (2) In addition, there is no requirement that the BANK looked behind these notes, valid on their face, for hidden proof that the notes were void, invalid or illegal. (3) And, contrary to the assertion of the Plaintiffs, the BANK was not, prior to judicial foreclosure required to give notice to the contingent

3

beneficiaries under the will of Rex L. McGarr as the debt was created by a contract with the executor and that is sufficient to bind the estate.

Accordingly, the Plaintiffs claims are barred both by the appellate statutes of limitations and by the provisions of 12 U.S.C. § 1836(e).

Having granted the BANK's motion on two grounds, it is unnecessary to deal with the third ground--that the action is barred by a compromise and settlement agreement between the BANK and the co-independent executors and by the judgment rendered in the State civil action previously filed.

The Defendant BANK's Motion for Summary Judgment is granted and the Plaintiffs' complaint against said BANK is dismissed with prejudice.

DONE at Brownsville, Texas, this _____ day of December, 1998.

                                          Stewart A. Newblatt
                                          United States District Judge