lmv

108

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 22 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

PAUL M. DUTHU, ET AL            *

      VS                     *    C.A. NO. B96 191

RUBEN PENA, ET AL              *

## MEMORANDUM OPINION AND ORDER

Defendant HARLINGEN NATIONAL BANK (BANK) and Defendants RUBEN PENA, FORREST JONES, ROBERT L. GALLIGAN, TERRY D. KEY, and the LAW FIRM OF JONES, GALLIGAN, KEY and LOZANO (Defendants) have filed responses to the Court's administrative order of December 8, 1998 (filed December 9, 1998). No responses from any other party have been received.

In response to the Court's administrative order seeking the identification of pending motions that need to be decided in the current posture of the case, the BANK asserts that no such motions remain (specifically relinquishing its motions for sanctions for discovery abusives).

Since the BANK's cross claims against Defendants were contingent cross claims depending upon a determination that the BANK was liable to the Plaintiff, those cross claims are no longer being pursued and should be dismissed without prejudice.

The DEFENDANTS' two motions to remand to the 107th District Court of Cameron County, Texas, Cause No. 98-02-633-A entitled Ruben R. Pena v. Jose Alfredo Jimenez, et al, should be granted for the reasons asserted in the motions.  This ruling moots the BANK's objection to the consolidation of a removed case with the principal case.  Such a remand moots the BANK's action to sever.

Under Rule 54(b) of the Federal Rules of Civil Procedure, claims of Plaintiffs against Defendant ROBERT H. PEDRAZA should be severed from the rest of this case, specifically from Plaintiffs' claim against the BANK and Defendants.  This is primarily to permit the Plaintiffs to appeal the judgment authorized to be entered against the Plaintiffs.  Plaintiffs' intention to appeal is demonstrated by their filing (albeit prematurely) their Notice of Appeal on December 28, 1998.  The Court expressly finds that there is no just reason for delay in taking that appeal and now directs the entry of judgment against the Plaintiffs on their claim against the BANK and the Defendants.

Also pending is Cross-Defendant PENA's Motion for Summary Judgment on Cross-Plaintiff PEDRAZA's cross complaint against PENA

based on the bar of the applicable statute of limitations. (Docket Entry No. 80.) The cross claim was filed January 29, 1998 (Docket Entry No. 68). There is no question but that PEDRAZA through his attorney was aware of sufficient facts to commence the running of the statute of limitations by early 1991 and was advised by letter of February 10, 1992 that the "statute of limitations against PENA expires on March 19, 1992, two years after you fired them." Regardless whether that was an accurate statement as to the expiration as to the statue of limitations, it is clear that as of the date of that letter, PEDRAZA was aware of his claims against PENA and the theories of liability. There is no question that the cross claim was not filed until January 29, 1998, twelve days short of six years after receipt of that letter. Whatever statute of limitations applies (two or four years), it has clearly expired and the motion should be granted.

## Conclusions

1.  All motions referred to in the Administrative Order (except No. 86 of January 9, 1998, previously granted) not specifically mentioned herein are denied as moot.

2.  The BANK's cross claims are dismissed without prejudice.

3. PENA's Motion to Remand, Cameron County Cause No. 98-02-63-A, Pena v. Jimenez, et al, is granted.

4. An immediate appeal by the Plaintiff is authorized as the Rule 54(b) findings have been made herein. A Rule 54(b) certification is needed as the Plaintiffs' claims against PEDRAZA remain.

5. All court costs previously assessed against the Plaintiffs and in favor of the BANK are awarded the BANK.

6. Defendant PENA's Motion for Summary Judgment on the cross claim of Defendant PEDRAZA is granted.

All orders and/or judgments authorized herein shall be prepared by the BANK and PENA and submitted to all other parties for approval and then to the Court for signature.

**SO ORDERED.**

Done at Brownsville, Texas, this _____ day January, 1999.

Stewart A. Newblatt
United States District Judge

ACTING ON ASSIGNMENT